UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES H. COULTER, Jr., <br><br> Petitioner, <br><br> v. <br><br> STATE OF WASHINGTON, <br><br> Respondent. | CASE NO. 3:21-cv-05736-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

On October 4, 2021, Petitioner submitted a Motion to Modify or Correct a State Judgement and Sentence pursuant to Washington Criminal Rule 7.8. The Court construes this motion as a petition for writ of habeas corpus brought under 28 U.S.C § 2254. Dkt. 1. Petitioner requests the Court modify his September 4, 2009, Pierce County Judgment and Sentence in case number 08-1-02492-1 for sex offenses so he can be "around his future niece and nephews and future kids." *Id.*

In specific, Petitioner moves the Court to 1) strike the community custody condition prohibiting Petitioner from having sexual contact without prior approval of the community custody officer (CCO) or Petitioner's treatment provider; 2) modify sentence condition 16 that Petitioner "hold no position of authority or trust involving children under the age of 18" and replace it with a condition that Petitioner may not have contact with minors without the

REPORT AND RECOMMENDATION - 1

supervision of a responsible adult who has knowledge of Petitioner's conviction. This modification includes any superseding treatment rules; and 3) modify condition 18 to read "defendant is prohibited from entering onto the premises of schools and day care at any time, he is prohibited from entering other areas including by not limited to parks, pools, and community centers while children's activities are occurring."

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Having reviewed Petitioner's request for habeas relief, the Court concludes it has several fatal deficiencies, that no amendment can cure. Because any attempt to amend would be futile, the Court should address the merits of the proposed habeas petition, deny the petition, and dismiss the case at this juncture for the following reasons.

First, federal habeas corpus relief is available only for violations of the United States Constitution. *See*, 28 U.S.C. § 2254(a); *see also, Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). To the extent Petitioner seeks to correct scrivener's errors or errors of state law in setting forth conditions of community custody, federal habeas relief is not available. Further to the extent Petitioner seeks relief via a Washington State Criminal Rule, the action is brought in the wrong court. Requests for relief under state criminal rules that seek to directly alter a criminal judgment and sentence should be brought in the state court, not a federal court.

Second, Petitioner was sentenced in 2009. There is no indication he appealed the judgment and conviction in the state courts or sought collateral review and thus judgment in this case became final in 2009 for purposes of calculating the habeas statute of limitations. Under 28

U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Here, twelve years have lapsed since Petitioner's state judgment became final. His request for habeas relief filed in 2021 in this Court is thus time barred because it has been made far beyond the one-year statute of limitations.

Third, there is no indication the present habeas claims have ever been presented to the highest state court. Petitioner may pursue federal habeas under 28 U.S.C. § 2254 relief only after he has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that recognizes state courts must be afforded the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing all state courts including the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 3

1  petition should be dismissed if the prisoner has not exhausted state remedies as to any of his
2  federal claims."). Here, there is nothing indicating Petitioner has exhausted his habeas claims.
3  Accordingly, the Court is without jurisdiction to consider federal habeas claims that have not
4  been exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1).

5  And fourth, even if the habeas petition were timely, and presented exhausted federal
6  claims, the claims lack merit. The request for habeas relief alleges, ostensibly, the conditions of
7  community supervision violate Petitioner's due process rights. The Due Process Clause of the
8  Fourteenth Amendment confers both procedural and substantive rights. *See Armendariz v.*
9  *Penman*, 75 F.3d 1311, 1318 (9th Cir.1996). The conditions were imposed as part of Petitioner's
10 sentence. Whether a procedural due process violation has occurred involves a two-step inquiry:
11 "the first asks whether there exists a liberty or property interest which has been interfered with
12 by the State; the second examines whether the procedures attendant upon that deprivation were
13 constitutionally sufficient." *Ky. Dept. of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (internal
14 citations omitted). Even if the challenged conditions limit Petitioner's ability to have contact with
15 minors and thus deprive him of a liberty interest, Petitioner was afforded "all the constitutionally
16 required procedural safeguards" by virtue of being a convicted sex offender. *American Civil*
17 *Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1059 (9th Cir. 2012).

18 The substantive component of the Due Process Clause protects individuals from the
19 arbitrary deprivation of their liberty by government. *County of Sacramento v. Lewis*, 523 U.S.
20 833, 845-49 (1998). The state court's judgment and sentence limiting Petitioner's contact with
21 minors is rationally related to the state's interest in public safety and thus does not violate the
22 Fourteenth Amendment. *Cf. United States v. Juvenile Male*, 670 F.3d 999, 1012 (9th Cir. 2012)
23 (citing *Doe v. Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004) (per curiam)) ("individuals convicted

REPORT AND RECOMMENDATION - 4

of serious sex offenses do not have a fundamental right to be free from sex offender registration requirements.").

## CONCLUSION

The Court recommends Petitioner's request for relief be denied. As discussed above, a request for relief under a state criminal rule is not one that is properly brought in this court. However, the Court does have the authority to grant federal habeas relief. Construing the request as one for habeas relief, the request should be denied because it is barred by the habeas statute of limitations and the claims are unexhausted. Further the request does not set forth a colorable due process claim and thus should be denied on the merits. The Court also notes the Clerk of Court informed Petitioner his application to proceed *in forma pauperis* was deficient and that the case may be dismissed if the deficiency was not cured by November 4, 2021. Dkt. 2. As of this date, the Court has not received anything from Petitioner.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree that the present habeas petition is untimely, unexhausted and fails to establish grounds for relief.

REPORT AND RECOMMENDATION - 5

Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 19, 2021.** The Clerk should note the matter for **November 19, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 5th day of November, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge